# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-21074-Civ-COOKE/BANDSTRA

U.S. COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff

vs.

CLAUDIO ALIAGA, *et al*.,

      Defendants

and

BETTY ALIAGA, *et al*.,

      Relief Defendants

_____/

## ORDER DENYING RELIEF DEFENDANT, CMA GLOBAL INVESTEMENT FUND, LLC'S PETITION TO LIFT STATUTORY RESTRAINING ORDER TO FREEZE ASSETS AND ORDERING DEFENDANTS AND RELIEF DEFENDANTS TO PROVIDE THE CFTC WITH A FULL ACCOUNTING

**THIS MATTER** is before me on Relief Defendant's Petition to Lift Statutory
Restraining Order to Freeze Assets and Incorporated Memorandum of Law.  (ECF No.
21).  I have reviewed the parties' arguments, the record, and the relevant legal authorities.
For the reasons explained in this Order, the Relief Defendant's Petition is denied, and
Defendants and Relief Defendants are ordered to provide the CFTC with a full
accounting, as directed in my April 9, 2010 Statutory Restraining Order. (ECF No. 12).

## I. BACKGROUND

This is an action for injunctive and other equitable relief and for civil monetary
penalties under the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 *et seq*.

Plaintiff, the U.S. Commodity Futures Trading Commission ("CFTC"), alleges that Defendants fraudulently solicited and accepted funds from retail investors for the purpose of trading leveraged or margined foreign exchange transactions.  Compl. ¶ 18.  On April 9, 2010, I entered a Statutory Restraining Order to freeze Defendants' and Relief Defendants' assets, among other things.  (ECF No. 12).  In this Order, I also required that Defendants and Relief Defendants provide the CFTC with a full accounting of all funds, assets, and documents inside or outside the United States that are held by each and every Defendant and Relief Defendant.

Relief Defendants CMA Global Investement [*sic*] Fund, LLC ("CMA Global") moves to lift my Statutory Restraining Order.  CMA Global argues that the funds in its frozen Bank of America account belongs to one creditor of CMA Global and therefore are not "ill-gotten funds" that were derived through any of the Defendants' activities. Further, CMA Global argues that the CFTC's complaint fails to allege a sufficient nexus between its claims against Defendants and CMA Global's frozen assets, and provides insufficient allegations to warrant a statutory freeze order against CMA Global.  The CFTC counters that Relief Defendants have not yet provided a full accounting of its assets, as required by my Order.

## II.  LEGAL STANDARDS

The Commodity Exchange Act, 7 U.S.C. § 13a-1, provides that, upon a proper showing, a district court may issue a permanent or temporary injunction or restraining order to enjoin or restrain violations of the Act.   A district court has "broad discretion to fashion appropriate relief" under the Commodity Exchange Act.  *Commodity Futures Trading Comm'n v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978).

District courts may order disgorgement from a relief defendant "upon a finding that she (1) is in possession of ill-gotten funds and (2) lacks a legitimate claim to those funds." *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 (2nd Cir. 2010).  To obtain a pre-judgment asset freeze, a plaintiff must assert an equitable claim that has a sufficient nexus to those assets sought to be enjoined.  *See Rahman v. Oncology Assocs.*, 198 F.3d 489, 496-97 (4th Cir. 1999).

### III.  ANALYSIS

There is no dispute that the CFTC has asserted an equitable claim.  The CFTC seeks disgorgement of ill-gotten gains from the Relief Defendants, among other equitable relief.

The propriety of the Statutory Restraining Order hinges on whether the CFTC has made sufficient allegations in its Complaint to establish a nexus between the assets held by CMA Global and the Defendants' alleged misconduct.  *See Commodity Futures Trading Comm'n v. Next Fin. Servs.*, No. 04-80562, 2005 WL 6292467, at *13 (S.D. Fla. Jun. 7, 2005).

The CFTC has alleged the following sufficient facts showing that the assets held by CMA Global may be ill-gotten funds procured by Defendants:

(i)     Defendants Claudio Aliaga and CMA Capital Management, LLC ("CMA") fraudulently solicited funds from retail investors for the purpose of trading leveraged or margined forex transactions.  Compl. ¶ 18.

(ii)    To open an account with CMA, prospective customers were directed to deposit funds into bank accounts held in the name of CMA and/or CMA Global.  Compl. ¶ 20.

(iii)    Aliaga executed margined or leveraged forex transactions in accounts held in the names of CMA and CMA Global.  Compl. ¶ 24.

(iv)    Customer investment funds were deposited into bank accounts in the names of both CMA and CMA Global.  Compl. ¶ 25.

(v)    Aliaga and CMA comingled customers' investment funds deposited into CMA and CMA Global bank accounts with funds from other CMA businesses and personal interests.  Funds were transferred between the accounts of CMA and CMA Global, as well as a UBS account in Aliaga's name in Switzerland.  Compl. ¶ 31.

(vi)    CMA Global received funds as a result of Defendants' fraudulent conduct and misappropriation, and have been unjustly enriched thereby.  Compl. ¶ 49.

(vii)    CMA Global has no legitimate entitlement to or interest in the funds received from Defendants' fraudulent conduct and/or misappropriation. Compl. ¶ 50.

(viii)    CMA Global should be required to disgorge funds up to the amount they received from Defendants' fraudulent conduct and misappropriation, or the value of those funds that they may have subsequently transferred to third parties.  Compl. ¶ 51.

The allegations in the CFTC's Complaint are sufficient to show CMA Global may be in possession of ill-gotten funds.

CMA Global also argues that all of the funds in its frozen Bank of America account belong to one creditor unrelated to this lawsuit.  CMA Global, however, has

failed to provide the CFTC with a full accounting of all funds, assets, and documents it holds, as was required by my April 9, 2010 Statutory Restraining Order.   Defendants and Relief Defendants shall have 20 days from the date of this Order to provide the CFTC with a full accounting.

Once the parties have had the opportunity to review a full accounting of Defendants' and Relief Defendants' assets, the parties may decide there is sufficient evidence to warrant a removal or modification of the Statutory Restraining Order.  A new motion may be filed to bring any such issues to my attention at that time.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Relief Defendant's Petition to Lift Statutory Restraining Order to Freeze Assets and Incorporated Memorandum of Law (ECF No. 21) is **DENIED**.

2. The Defendants and Relief Defendants shall have 20 days from the date of this Order to supply the Plaintiff with a full accounting as required under the Statutory Restraining Order to Freeze Assets, Preserve Books and Records.  (ECF No. 12).

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of February 2011.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*