UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21074-Civ-COOKE/BANDSTRA

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff

vs.

CLAUDIO ALIAGA, *et al.*,

    Defendants

and

BETTY ALIAGA, *et al.*,

    Relief Defendants
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** is before me on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 23). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' Motion to Dismiss is denied.

### I. BACKGROUND

This is an action for injunctive and other equitable relief and for civil monetary penalties under the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 *et seq*. Plaintiff, the U.S. Commodity Futures Trading Commission ("CFTC"), alleges that Defendants fraudulently solicited and accepted funds from retail investors for the purpose of trading leveraged or margined foreign exchange transactions. (Compl. ¶ 18). The CFTC further alleges that

Defendants operated a "Ponzi" scheme whereby they paid customers "returns" with those customers' own money or the money of other customers, and misappropriated customer funds for personal use. (Compl. ¶¶ 3, 21). According to the CFTC's allegations, Defendants sustained net trading losses in eight of the twelve months of trading and have failed to make monthly payments to customers as promised, and have failed to honor their customers' redemption requests. (Compl. ¶¶ 26, 34).

## II. LEGAL STANDARDS

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction—its authority

2

to hear the case—and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), cert. denied, 454 U.S. 897 (1981)).

"As a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." *Garcia v. Copenhaver, Bell & Assocs.*,104 F.3d 1256, 1261 (11th Cir. 1997). If an attack on subject matter jurisdiction also implicates an element of the cause of action, a court must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id*. In doing so, a court provides "a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) or Rule 56 both of which place great restrictions on the district court's discretion." *Id*. A court must find that the question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id*. at 1262 (citing *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139-40 (9th Cir. 1983)).

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss, is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).[1]

---

[1] "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that document is central to the plaintiff's claims." *Daewoo Motor Am., Inc. v. Gen. Motors*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a "court may consider a document attached to a motion to dismiss without converting the motion into one for

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

### III. ANALYSIS

Defendants move to dismiss this action for lack of subject matter jurisdiction.  Defendants argue that the transactions at issue in this matter are not transactions in commodities; rather, they are "loans of capital to be repaid with fixed rates of interest pursuant to written promissory notes."  As such, Defendants reason, this matter is not governed by the Commodity Exchange Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), which is the CFTC's stated basis of authority to bring this action.

Defendants urge me to examine samples of promissory notes executed with customers, which are attached to the Defendants' motion as Exhibit A.  These promissory notes state that the Bearer "has loaned to CMA Capital Management LLC the sum specified at the top of this promissory note and for an undetermined frame of time" and in exchange, "CMA Capital Management LLC will pay to the certificate holder a monthly interest of 2% of the said sum

---

summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.* "the authenticity of the document is not challenged").

4

loaned . . . ." (ECF No. 23, Exh. A).  Defendants argue that these contracts are clear and unambiguous, and therefore I should apply the parol evidence rule to hold that these instruments are not contracts for the sale of commodities for future delivery under the Commodity Exchange Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C).  The parol evidence rule bars the consideration of any evidence outside of the four corners of the contract in the absence of certain limited exceptions. *Schism v. United States*, 316 F.3d 1259, 1278 (11th Cir. 2002).

Defendants ignore the fact that the Complaint in this matter alleges that there was fraud in the inducement of the contract.  (Compl. ¶¶ 1, 18, 22-23).  Fraud is one of the limited exceptions to the parol evidence rule.  *See United States v. Kreimer*, 609 F.2d 126, 133 (5th Cir. 1980) ("[T]he very essence of fraud may be deceit about what is written; for this reason, even in civil litigation between the parties, the parole evidence rule does not prevent the use of extrinsic evidence to show fraud.").  Accordingly, the parol evidence rule is inapplicable here.

The question that remains is whether the contracts at issue are governed by the Commodity Exchange Act, which is the stated basis for subject matter jurisdiction here.  (Compl. ¶¶ 10-11). The CFTC argues that this question goes to the merits of this action.  As stated above, if an attack on subject matter jurisdiction also implicates an element of the cause of action, a court must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case," thus treating the motion as if it were filed under Rule 12(b)(6). *Garcia*, 104 F.3d at 1261.

In relevant part, 7 U.S.C. §§ 6b(a)(2)(A)-(C) declares it unlawful for any person in connection with "any order to make, or the making of, any contract of sale of any commodity for future delivery . . . , that is made, or to be made, for or on behalf of, or with, any other person,

5

other than on or subject to the rules of a designated contract market--"[2] to commit fraud; willfully to make or cause to be made or entered false reports, statements, or records; or willfully to deceive or attempt to deceive others with regard to any order or contract or the disposition thereof.

In other words, a plaintiff can only recover if she is able to prove that a person ordered to make or made *a contract for the sale of a commodity for future delivery* to commit fraud, to willfully make or cause another to make or enter false reports, statements, or records, or to willfully deceive or attempt to deceive.  The plain language of the statute indicates that a contract for the sale of a commodity for future delivery is a substantive element of the Commodity Exchange Act claim under sections 6b(a)(2)(A)-(C).  Proving that a person ordered to make or made any other instrument not a contract for the sale of a commodity for future delivery would be sufficient to preclude recovery under the statute.

Because the question of whether the Commodity Exchange Act governs the contracts at issue implicates the merits of the case, I will apply the standards under Rule 12(b)(6), unless the plaintiff's claim is clearly immaterial or insubstantial.  *See Garcia*, 104 F.3d at 1266.  Under Rule 12(b)(6), "a plaintiff is more likely to withstand a motion to dismiss and the case is more likely to be decided on the merits by the fact finder."  *Id*. at 1263.

In relevant part, 7 U.S.C. § 2(c)(2)(C)(iv) states that Section 6b shall apply to transactions in foreign currency "as if" such transactions were "a contract of sale of a commodity for future delivery."  The Plaintiff's Complaint makes sufficient allegations that the Defendants fraudulently solicited and accepted funds from retail investors for the purpose of making transactions in foreign currency.  (*See* Compl. ¶ 18).  The Plaintiff alleges the following:

---

[2] This statute also applies to agreements, contracts, or transactions subject to paragraphs (1) and (2) of section 7a(g), which refer to derivatives transaction execution facilities not at issue in the case.

(i) Aliaga made personal solicitations to investors, where he made certain material omissions and misrepresentations that induced those investors to open an account with CMA. (Compl. ¶¶ 19-23).

(ii) Aliaga asked investors to deposit funds with CMA for the purpose of trading in foreign currency.  (Compl. ¶ 19).

(iii) In order to open an account with CMA to deposit the funds, the investors executed a promissory note with CMA.  (Compl. ¶ 20).

(iv) From June 18, 2008, to April 6, 2010, Aliaga failed to disclose to actual and prospective customers that he misappropriated customer funds for personal use, traded only a portion of customer funds, and used customer funds to make payments to other customers. (Compl. ¶ 21).

(v) Aliaga knew that he was making misrepresentations to his customers at the time when he was making those misrepresentations.  (Compl. ¶¶ 29-30).

The CFTC's claims are neither clearly immaterial nor insubstantial.  Through its Complaint, the CFTC has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### IV. CONCLUSION

Whether or not the contracts at issue in this matter are contracts of sale of a commodity for future delivery implicates the merits of the underlying claim.  This case is therefore not properly analyzed under Rule 12(b)(1).  Instead, the proper procedure is to utilize the standards associated with a Rule 12(b)(6) motion, which I have done.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Defendants'

Motion to Dismiss For Lack of Subject Matter Jurisdiction (ECF No. 23) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of February 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*