UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 10-21074-Civ-COOKE/BANDSTRA**

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff

vs.

CLAUDIO ALIAGA, *et al.*,

    Defendants

and

BETTY ALIAGA, *et al.*,

    Relief Defendants
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE
ON DEFENDANTS AND RELIEF DEFENDANT BETTY ALIAGA**

**THIS MATTER** is before me on Plaintiff's Motion for Alternative Service on Defendants and Relief Defendant Betty Aliaga pursuant to FRCP 4(f)(3) and 4(h)(2) and Memorandum of Points and Authorities in Support Thereof. (ECF No. 35). Neither Defendants nor Relief Defendants have filed oppositions to this motion. I have reviewed the party's arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Motion for Alternative Service is granted as to Defendants and denied as to Relief Defendant Betty Aliaga.

**I. B**ACKGROUND

Plaintiff, the U.S. Commodity Futures Trading Commission ("CFTC"), moves for an order authorizing alternative service of process on defendants Claudio Aliaga ("C.

Aliaga") and CMA Capital Management, LLC ("CMA") and relief defendant Betty Aliaga (B. Aliaga) via service on counsel of record for C. Aliaga and CMA, and via electronic mail ("e-mail").  Jonathan H. Rosenthal is counsel of record for C. Aliaga and CMA in this matter and is signed up to receive electronic notifications of filings in this case.  Mr. Rosenthal's office is located at Malman Malman & Rosenthal, 3107 Stirling Road, Suite 101, Fort Lauderdale, FL 33312.  B. Aliaga is not represented by counsel in this action.

Pursuant to my Statutory Restraining Order (ECF No. 12), the Deputy U.S. Marshal made unsuccessful attempts to serve process on Defendants and Relief Defendant at their last known addresses, as well as several alternate addresses.  Each of those addresses are apparently invalid.  No other addresses have been provided for Defendants or Relief Defendant.  According to the CFTC, there are no known officers of CMA located in the United States on which it may perfect service of process for CMA.

The CFTC made efforts to contact C. Aliaga via several e-mail addresses to perfect service on him or obtain a waiver of service.  Two of the e-mail addresses were verified with CMA customers who recently had used those same addresses to communicate with C. Aliaga.  The CFTC did not receive any bounce back e-mails to indicate that the messages were not delivered successfully.  Nonetheless, the CFTC has not received any reply from C. Aliaga regarding those messages.

The CFTC also made efforts to contact counsel for Defendants to obtain a waiver of service.  Mr. Rosenthal informed the CFTC that he was not authorized to accept service on behalf of the Defendants and he does not represent Relief Defendant.

Finally, the CFTC made inquiries to the U.S. Postal Service and to the U.S. Customs and Border Protection (Department of Homeland Security) in an effort to locate Defendants and Relief Defendants in the United States or abroad. Through its investigation into this matter, the CFTC has determined that C. Aliaga used the services of a communications firm located in the Dominican Republic to send emails to CMA customers and wired a total of $144,000 to a bank in the Dominican Republic for the benefit of C. Aliaga. Based on this evidence, the CFTC believes that C. Aliaga and B. Aliaga are located in the Dominican Republic.

## II. LEGAL STANDARDS

Rule 4(f)(3) of the Federal Rules of Civil Procedure, which governs service of an individual in a foreign country, provides: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Rule 4(h) of the Federal Rules of Civil Procedure, which governs service on a corporation or other business entity, provides: "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." A corporation can therefore be served pursuant to Rule 4(f)(3).

Service may be accomplished under Rule 4(f)(3) as long as it is (i) ordered by the court, and (ii) not prohibited by an international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

A court has discretion to determine what alternative means of service is appropriate in a particular case. *Rio Props, Inc*., 284 F.3d at 1016 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *See, e.g.*, *Rio Props., Inc*., 284 F.3d at 1018 (affirming district court decision to permit service by e-mail and by regular mail to the defendant's U.S. subsidiary and U.S. attorney); *Tracfone Wireless, Inc. v. Distelec Distribuciones Eletronicas, S.A*., 268 F.R.D. 687, 690 (S.D. Fla. 2010) (permitting plaintiff to serve defendant via Fed-Ex and hand-delivery to defendant's U.S. attorney); *Chanel, Inc. v. Zhixian*, No. 10-60585, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010) (authorizing service via e-mail and public announcement); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009) (directing substituted service on U.S. attorneys retained by Russian defendants); *Brookshire Bros. Ltd. v. Chiquita Brands, Int'l*, No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (authorizing service on foreign defendants through local counsel).

The alternative method of service, however, must comport with constitutional notions due process. To meet this requirement, the alternative method of service "must be reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc*., 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)) (internal quotation marks omitted).

### III.  ANALYSIS

#### A.  THE PROPOSED ALTERNATIVE MEANS OF SERVICE DO NOT VIOLATE INTERNATIONAL LAW

The Dominican Republic is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters or the Inter-American Convention on Letters Rogatory.  No other treaties or international agreements appear to apply in this case.  As such, no international law prohibits the CFTC from serving Defendants and Relief Defendant via e-mail or through service on local counsel in the United States.

#### B.  AS TO DEFENDANTS, THE PROPOSED ALTERNATIVE MEANS OF SERVICE COMPLIES WITH DUE PROCESS REQUIREMENTS

The CFTC diligently attempted to perfect service on Defendants or obtain a waiver of service from them or their local counsel.  The U.S. Marshals attempted service at CMA's last known principal address, as well as an alternate business address.  Both business addresses are vacant.  The U.S. Marshals attempted service of process on C. Aliaga at his last known address.  The residence appeared to be "abandoned/vacated."  C. Aliaga's alternate address was a Mailboxes, Etc.  The U.S. Marshals made a third unsuccessful attempt to serve C. Aliaga at another address, which was deemed to be an "Internet Company for the Dominican Republic" named Trilogy International Enterprises, LLC.

The CFTC represents, and Defendants have not presented any opposition, that C. Aliaga is listed as the registered agent and managing member of CMA.  C. Aliaga is therefore authorized to accept service of process on behalf of CMA.  *See* Fed. R. Civ. P.

5

4(h)(1)(B).  The CFTC also asserts that it has been unable to locate any other CMA officers in the United States on which it may perfect service of process for CMA.  The CFTC is therefore left only with the option of serving CMA through its registered agent, C. Aliaga, who is located in the Dominican Republic.

Through its investigation, the CFTC was able to confirm with CMA customers two different e-mail addresses through which those customers recently had received e-mail messages from C. Aliaga (claudiomaliaga@yahoo.com and claudioaliaga@msn.com).  A CFTC computer forensics investigator was able to trace the path of one of the e-mail addresses (claudiomaliaga@yahoo.com) to Trilogy International Enterprises, LLC, a business linked to C. Aliaga.  The CFTC also used other e-mail addresses discovered during its investigation to attempt to contact C. Aliaga, including Claudio@cmafinancialgrp.com and info@cmafinancialgrp.com.  However, the CFTC does not provide information as to how it ascertained that these e-mail addresses are reasonably calculated to reach Defendants.

Finally, the CFTC made several attempts to obtain contact information for C. Aliaga from Defendants' local counsel, Jonathan H. Rosenthal.  Mr. Rosenthal informed the CFTC that he does not know where C. Aliaga is located and has refused to answer any questions regarding C. Aliaga, citing the attorney-client privilege.  Mr. Rosenthal has also stated that he is not authorized to accept service of process on behalf of either defendant.  It is undisputed that Mr. Rosenthal filed a Motion to Dismiss on behalf of the Defendants.  Presumably, he did so with their authorization after some communication with Defendants.  Mr. Rosenthal also continues to represent Defendants in this action, which would indicate he continues to have some relationship with Defendants.

Under these circumstances, I find that service upon Defendants via e-mail and through service on local counsel is reasonably calculated to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections.

### C. AS TO RELIEF DEFENDANT ALIAGA, THE PROPOSED ALTERNATIVE MEANS OF SERVICE DOES NOT COMPLY WITH DUE PROCESS REQUIREMENTS

The CFTC has made efforts to perfect service on B. Aliaga. The U.S. Marshals attempted service of process on B. Aliaga at her last known address, a residence she shared with C. Aliaga. The residence appeared to be "abandoned/vacated." B. Aliaga's alternate address was a Mailboxes, Etc., the same as that of C. Aliaga.

The CFTC asks that I authorize alternative service of process on Relief Defendant B. Aliaga via e-mail to her husband, C. Aliaga, and service on her husband's local counsel. Mr. Rosenthal does not represent B. Aliaga in this action; she is unrepresented by counsel. The CFTC does not provide any e-mail addresses for B. Aliaga.

The CFTC argues that "[a]lthough Defendants' counsel does not represent B. Aliaga, service of Defendants' counsel would be reasonably calculated to give B. Aliaga, as the wife of C. Aliaga, notice of the action as well as an opportunity to respond. It is presumed that husband and wife communicate on a regular basis and live together." The CFTC provides no citation to support this presumption. If the CFTC had presented evidence that the Aliagas in fact do reside together and are in regular contact, I would be amenable to granting its request. However, given the lack of any evidence that the Aliagas are in contact with each other, I will deny the CFTC's request to effect alternative service of process on B. Aliaga, as it would not comport with due process requirements under Rule 4(f)(3).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Plaintiff's Motion for Alternative Service on Defendants and Relief Defendant Betty Aliaga pursuant to FRCP 4(f)(3) and 4(h)(2) and Memorandum of Points and Authorities in Support Thereof (ECF No. 35) is **GRANTED IN PART AND DENIED IN PART**.

2. The Plaintiff shall serve on Defendants the summons, complaint, and all subsequent pleadings and discovery in this case via e-mail to the following e-mail addresses: claudiomaliaga@yahoo.com and claudioaliaga@msn.com.

3. The Plaintiff shall also serve on Defendants the summons, complaint, and all subsequent pleadings and discovery in this case via Fed-Ex or other similar courier service on Jonathan Rosenthal, at Malman Malman & Rosenthal, 3107 Stirling Road, Suite 101, Fort Lauderdale, FL 33312.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of February 2011.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*